SETH TUCKER
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 778-5906
Email: stucker@cov.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSIB WASHINGTON D.C. NOMA / UNION MARKET PROPERTIES LLC, 148 Madison Avenue, Floor 2 New York, New York 10016 <br><br> Plaintiff, <br><br> v. <br><br> Allianz GLOBAL RISKS US INSURANCE COMPANY, 225 West Washington Street, Suite 1800 Chicago, IL 60606-3484 <br><br> Defendant. | Docket No: <br><br> **CIVIL ACTION** <br><br> **COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY RELIEF AND MONEY DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiff, OSIB Washington D.C. NOMA/Union Market Properties, LLC ("OSIB"),

brings this action to compel its insurer, defendant Allianz Global Risk US Insurance Company

("Allianz" or "Insurer"), to honor its promise to insure OSIB against loss sustained at, and during

the construction of, its property.

### PARTIES

1. Plaintiff, OSIB, is a Delaware Limited Liability Company, duly existing under the

laws of the State of Delaware, with its principal place of business in New York, New York.

2. Plaintiff is informed and believes, and thereon alleges that Allianz was and is an

Illinois corporation, duly incorporated and existing under the laws of the State of Illinois, with its

1

principal place of business in the State of Illinois. Allianz was and is at all relevant times either admitted to do business as an insurer under the laws of the District of Columbia or authorized to sell insurance in the District of Columbia through a licensed surplus broker.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. Section 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of the costs and interest, the sum or value of $75,000.

4. In addition, this is an action for declaratory judgment pursuant to the Federal Declaratory Relief Act, 28 U.S.C. Section 2201, for purposes of determining an actual controversy between the parties.

5. The Court has personal jurisdiction over Allianz pursuant to D.C. Code § 13-423 because Allianz is an insurance company that, upon information and belief, is registered with the Department of Insurance, Securities, and Banking, is licensed to provide insurance in the District of Columbia, and contracted to insure properties and operations located in the District of Columbia, and this suit arises from a dispute over those policies.

6. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(a) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE POLICIES

7. Allianz made, executed, and delivered a Contractors Installation/Builders Risk Policy to OSIB Washington D.C. NOMA/Union Market Properties, LLC, citizenM, and citizenM Hotels, Policy No. USE00090920 (the "Policy"), effective May 4, 2020 to August 19, 2021. A redacted but otherwise true and accurate copy of the Policy is attached hereto as "Exhibit A."

8.      The Policy is project-specific, and pursuant to the subsection entitled Insured Project, the Policy insures the citizenM Hotel - NOMA located at 1222 First Street NE, Washington, D.C. 20002 ("the Project").

9.      The Project includes the construction of a ten-story hotel featuring one below-grade level.

10.      The Policy lists the following as Named Insureds: OSIB Washington D.C. NOMA/Union Market Properties, LLC; citizenM; citizenM Hotels; citizenM USA Properties 2 LLC; citizenM USA Properties 2 B.V.; citizenM Financial Holding B.V.; citizenM Holding B.V.; citizenM Asset Management U.S.A. LLC; citizenM USA Properties Holding LLC; citizenM USA Operations Holding LLC; citizenM Operations Holding B.V.; Washington DC NoMa Operations LLC; OSIB Washington D.C. Holdings LLC; OSIB Washington D.C. NOMA/Union Market Holdings LLC; Gilbane Building Company; and Altus Realty LLC.

11.      Additionally, under the Policy, the "Additional Insured(s)" provision provides: "To the extent required by contract for the Insured Project and then only as their respective interests may appear owners contractors, subcontractors and other individual(s) or entity(es) specified in such contract shall be recognized as Additional Insured's hereunder but limited only to their activities at the Insured Project (herein Additional Insured(s))."

12.      The Policy includes a $79,177,743.00 per occurrence sub-limit for property damage at the Project and an $82,311,141.00 limit of liability.

13.      The Policy, subject to its terms, exclusions, limitations and conditions, insures against all risks of direct physical loss of or direct physical damage to insured property while at the location of the Project. Specifically, the Policy provides:

> This Policy subject to the Limit of Liability and the terms conditions, and limitations contained herein or endorsed hereon

3

insures against all risks of direct physical loss of or direct physical damage to Insured Property during the Period of Insurance while such Insured Property is at the construction site stored off site or in the course of transit within the Territorial Limits specified in the Schedule.

14. The Policy provides a separate grant of coverage under the Serial Loss Clause endorsement, which states that the Policy is amended as follows: "The Company shall indemnify the Named Insured in respect of a physical loss or damage insured under this Policy resulting from a Serial Loss Event…" A "Serial Loss Event" is defined by the Policy as "a fault, defect, error or omission in design, plan, specification, material or workmanship which is attributable to a common originating cause or common originating set of circumstances."

15. The Water Inundation Endorsement ("Water Endorsement") modifies the Policy to exclude the following: "Loss or damage to the interior portion of any building or structure, or property contained therein, from rain, snow, sleet, surface water, ice, sand, dust, or hail (all whether driven by wind or not) unless the building or structure first sustains physical damage otherwise not excluded by this Policy wherein rain, snow, sleet, surface water, ice, sand, dust, or hail (all whether driven by wind or not) enters."

## THE INSURANCE CLAIM

16. On or about April 2, 2021, May 26, 2021, and June 11, 2021, during the Period of Insurance of the Policy, significant rain events occurred at the Project causing water damage to the modular units that make up the Project (the "Losses").

17. A claim for the Losses was tendered to Allianz.

18. Allianz assigned the investigation, handling and adjustment of the claim to its agent, Sedgwick, which was authorized to act and Allianz's behalf and in fact did so. Allianz ratified the actions described below.

4

19.     On or about November 29, 2021, Allianz, through Sedgwick, denied coverage for Plaintiff's Losses, stating, "the elevated moisture and suspect mold growth is not the result of a covered peril first affecting the building/structure and then allowing water intrusion into the interior of the Insured Location, as is required for coverage to apply under the Policy's Water Inundation Endorsement … As a result, Allianz is unable to afford coverage for said repairs/replacement."

20.     On or about April 28, 2022, Allianz, through Sedgwick, provided a reservation of rights in response to Plaintiff's continued assertion that coverage was owed and that the first denial was issued erroneously. The April 28, 2022 letter stated as follows: "While the investigations continue on this claim, several issues are presented by virtue of the known facts to date, the uncertainty of other facts and the terms and conditions of the policies of insurance. Accordingly, the Insurer has asked us to advise you that they are continuing their investigations of the claims under a complete reservation of rights pursuant to the terms and conditions of Policy or applicable law."

21.     On or about May 24, 2022, Plaintiff responded to Allianz in writing disputing the coverage denial based in part on the language of the "Serial Loss Clause" endorsement and Water Endorsement.

22.     Despite the foregoing, Allianz has denied and continues to deny coverage for the Losses.

23.     Plaintiff has performed all conditions, covenants, and promises required to be performed in accordance with the terms and conditions of the Policy (including the payment of all premiums and notifying Allianz of the loss) except to the extent, if any, that Plaintiff was

5

prevented by Allianz, or excused from such performance, or said conditions, covenants, and promises have been waived.

24.    Notwithstanding the terms of the Policy, Allianz has unreasonably refused to provide coverage for all claims submitted and has refused to pay the full amount owed to Plaintiff as a result of the Losses.

25.    Allianz's unreasonable denial of coverage and failure to indemnify Plaintiff for the Losses have placed Plaintiff in harm's way, harmed its reputation in the Washington, D.C. area in which it conducts its building operations, and caused an increase in the cost to repair the damages relating to the Losses.

26.    Allianz's denial of coverage of the Losses was designed to force Plaintiff to forgo benefits under the Policy that Plaintiff is entitled to receive.

27.    As a direct and proximate result of Allianz's unreasonable denial of coverage, Plaintiff has been forced to pay substantial fees and costs to investigate the Losses and to pursue coverage from Allianz.

## FIRST CAUSE OF ACTION
### (Breach of Contract Against Defendant Allianz)

28.    Plaintiff repeats, re-alleges and incorporates by reference all of the previous allegations contained in this Complaint as though fully set forth herein.

29.    As set forth above, Allianz, pursuant to the Policy's terms and conditions, agreed to investigate, adjust, and indemnify Plaintiff for covered losses up to the limits of the Policy. Pursuant to the Policy, Allianz also had a duty to conduct a reasonable, adequate, and diligent investigation of any losses suffered by Plaintiff.

30.    The Policy is a valid contract of insurance, binding on the parties.

6

31.     The Plaintiff has satisfied all applicable conditions precedent to coverage under the Policy.

32.     Allianz has breached its obligation under the Policy by refusing and failing to perform its duty to indemnify and reimburse Plaintiff for all of its covered Losses.

33.     As a direct and proximate result of Allianz's breach of the Policy, Plaintiff has been deprived of, and continues to be deprived of, the benefits of the insurance coverage it purchased from Allianz.

34.     Plaintiffs has suffered damages as a result of Allianz's breaches and will continue to incur and sustain ongoing damages.

35.     As a direct and proximate result of Allianz's breaches of its contractual duties and in mitigation of Plaintiff's own damages, Plaintiff incurred substantial attorneys' fees and costs, experts' fees and costs, and other expenses in investigation, evaluation, repairs, and resolution of this matter.

## SECOND CAUSE OF ACTION
### (Declaratory Relief Against Defendant Allianz)

36.     Plaintiff repeats, re-alleges and incorporates by reference all of the previous allegations contained in this Complaint as though fully set forth herein.

37.     As set forth above, Allianz, among other things, agreed to investigate and adjust any claim, and/or to indemnify the insured Plaintiff as to any losses, falling within the coverage defined in the Policy.

38.     Plaintiff provided timely notice of the Losses to Allianz.  Allianz refused to provide coverage and/or indemnify its insured, Plaintiff.

39.     A dispute has arisen between Plaintiff and Allianz in that Plaintiff contends that Allianz was obligated to indemnify Plaintiff for the Losses pursuant to the insurance Policy.

Plaintiff is informed and believes and thereon alleges that Allianz unreasonably contends otherwise.

40.     An actual controversy exists between Plaintiff and Allianz regarding the duties of Allianz to indemnify Plaintiff as to the Losses.  Plaintiff contends and Allianz disputes the following:

> A.  Allianz had the duty to indemnify Plaintiff for the Losses based on the Allianz Policy; and
>
> B.  Plaintiff is entitled to recover up to the Policy limits for the Losses.

41.     A declaratory judgment is necessary and appropriate to determine the rights and duties of the parties under the insurance Policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A. For compensatory damages according to proof, but in an amount within the jurisdiction of this Court;

B. For attorneys' fees and costs, according to proof;

C. For a declaratory judgment that Allianz had the duty to indemnify Plaintiff for the Losses based on the Allianz Policy;

D. For a declaratory judgment that Plaintiff is entitled to recover up to the Policy limits for the Losses;

E. For costs of suit herein; and

F. For all such other and further relief as the Court may deem just and proper.

Dated:  May 26, 2022                                   COVINGTON & BURLING LLP


By: _____
      Seth Tucker
      D.C. Bar No. 421479
      Covington & Burling LLP
      One CityCenter
      850 Tenth St., NW
      Washington, DC 20001
      (202) 662-6000
      stucker@cov.com

      *Attorneys for Plaintiff*

9

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial of all issues so triable pursuant to Fed. R. Civ. Pro. 38.

Dated:  May 26 ,2022                                    COVINGTON & BURLING LLP


By: _____
        Seth Tucker
        D.C. Bar No. 421479
        Covington & Burling LLP
       One CityCenter
       850 Tenth St., NW
       Washington, DC 20001
       (202) 662-6000
       stucker@cov.com

*Attorneys for Plaintiffs*

10