UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| OSIB WASHINGTON D.C. NOMA / UNION MARKET PROPERTIES LLC, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 22-cv-1495 (APM) |
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

# ORDER

Before the court are two motions: (1) Plaintiff OSIB's Motion for Judgment on the Pleadings Against Defendant Allianz Global Risks US Insurance Company ("Allianz"), ECF No. 94 [hereinafter OSIB's Mot.]; and (2) Allianz's Motion for Sanctions Under Rule 11(b), ECF No. 101 [hereinafter Allianz's Mem.]. The court has carefully considered both motions. For the reasons explained below, both are denied.

## I.   OSIB's Motion for Judgment on the Pleadings

A party seeking judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "shoulders a heavy burden of justification." *Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n, AFL-CIO v. Liberty Mar. Corp.*, 933 F.3d 751, 760 (D.C. Cir. 2019). The moving party must "demonstrate[] that no material fact is in dispute and that it is entitled to judgment as a matter of law." *Id.* (citation omitted). When evaluating such a motion, the court will accept as true all well-pleaded allegations in the opponent's pleadings, and as false all controverted assertions of the movant. *Id.* at 761 (citations omitted).

OSIB seeks a declaratory judgment stating that the insurance policy issued by Allianz covers the water damage that occurred during construction of OSIB's hotel.  Mem. in Supp. of OSIB's Mot., ECF No. 94-1 [hereinafter OSIB's Mem.], at 1.  At issue is whether the policy's Water Inundation Endorsement applies to the damage in question and therefore precludes coverage.  OSIB contends that Allianz improperly denied coverage based on that provision, *id.* at 7 (citing Am. Compl., ECF No. 16 [hereinafter Compl.], ¶ 70), because the damage in question "occurred when rain water entered the modules while they were still separate components, prior to becoming part of the building or structure that was the Hotel," *id.* at 16 (citing Compl. ¶¶ 33–37, 42), or, alternatively, because "the modular components sustained [ ] physical damage [otherwise not excluded by the policy] that allowed rain water to enter the modular components," *id.* at 17.

According to OSIB, Allianz does not dispute these factual allegations because it "neither admit[ted] nor denie[d]" them in its Answer based on a purported "lack[] [of] sufficient knowledge or information to form a belief regarding [their] truth."  OSIB's Mem. at 16, 19–20 (citing Allianz's Answer to Am. Compl., ECF No. 26 [hereinafter Answer], ¶¶ 33–37, 42–43, 46, 65, 69).  OSIB thus asks the court to construe Allianz's answers as admissions, rather than denials pursuant to Rule 8(b)(5), for two reasons: (1) Allianz had reason to know that defects in workmanship or design caused the water damage at issue, *id.* at 20; and (2) Allianz declined to avail itself of Rule 8(b)(5)'s protection by affirmatively stating that it does not deny OSIB's allegations, *id.* at 21.

The court declines OSIB's invitation to treat Allianz's equivocal "neither admitted nor denied" responses as admissions of fact.  At this early stage of the litigation, the record is far too thin for the court to share OSIB's suspicion that Allianz has violated "the requirements of honesty

2

in pleading." *Clay v. Dist. of Columbia*, 831 F. Supp. 2d 36, 47 (D.D.C. 2011) (citation omitted) (observing that "courts generally resort to the sanction of deeming an allegation as admitted where there is bad faith or evasive pleading"). Neither Allianz's Answer nor any other record evidence firmly establishes that Allianz's responses are not worthy of credence at this juncture. Importantly, while Allianz admitted that it received and considered various expert reports before denying coverage, it expressly denied OSIB's characterization of those reports, as well as OSIB's contention that the experts' findings warranted coverage. *See, e.g.*, Answer ¶¶ 66–69. Because Allianz disputes these factual allegations, the court must treat them as false. *Dist. No. 1*, 933 F.3d at 760–61. On that ground alone, the court cannot grant OSIB's motion.

As for OSIB's quibble with Allianz's wording, OSIB cites no authority to support its assertion that Rule 8(b)(5) ceases to apply where the defendant neither admits nor denies the relevant allegations. By its plain text, Rule 8(b)(5) requires only that the party lacking sufficient knowledge or information "so state." That is precisely what Allianz did here, and absent any showing of bad faith or evasion, the court finds that Allianz satisfies this requirement.

II.     **Allianz's Motion for Sanctions**

Allianz's motion fares no better. Allianz argues that OSIB violated Rule 11 by asking the court to "'infer' admissions to allegations that have not been admitted by Allianz" and thus overlook Allianz's denials and affirmative defenses. Allianz's Mem. at 1. But that is not what OSIB urged in its motion. Rather, OSIB asked the court to reject Allianz's professed lack-of-knowledge answers as incredible and treat them as admissions. OSIB's Mem. at 19–21. To be sure, this was an unusual request. But Allianz cites no binding authority that foreclosed OSIB from making it, and the court cannot find that OSIB's request was made in bad faith. After all, Allianz's first affirmative defense relies on the opinions of two experts (Wiss, Janney, Elstner

3

Associates, Inc. and Gensler), yet earlier in its Answer, Allianz claimed that it "lacks sufficient knowledge or information to form a belief regarding the truth" of their findings. *Compare* Answer at 39–40, ¶¶ 3–8 (Affirmative Defense 1), *with id.* at 24, ¶¶ 67–68. Against that backdrop, it was not unreasonable for OSIB to view these averments as contradictory and to question whether Allianz's affirmative defense allegations undermined the credibility of its denials. In any event, the court does not need to untangle the seeming inconsistencies in Allianz's pleading. It is enough to conclude that OSIB's filing of a motion focused on that tension is not sanctionable under Rule 11.

For the foregoing reasons, the court denies OSIB's Motion for Judgment on the Pleadings, ECF No. 94, and Allianz's Motion for Sanctions Under Rule 11(b), ECF No. 101.

Dated: February 3, 2025

Amit P. Mehta
United States District Judge